UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILSHIRE INSURANCE COMPANY,

    Plaintiff,

v.   CASE NO:

AIRPORT RESTAURANT, LLC, and
MARLON BATES,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

WILSHIRE INSURANCE COMPANY ("Wilshire") files suit against AIRPORT RESTAURANT, LLC ("ARL") and MARLON BATES, and in support alleges:

**NATURE OF THE ACTION**

1. This is an action under 28 U.S.C. § 2201 for a declaration that a Limited Assault And/Or Battery Coverage endorsement provides the total coverage available for a Final Judgment involving a patron who struck another patron in the face with a beer glass.

**JURISDICTION AND VENUE**

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000 exclusive of attorney's fees, interest, and costs.

3. Venue is proper in this district because Wilshire issued and delivered the insurance policy in this district, ARL has its principal place of business in this district, and the Final Judgment was entered in Volusia County, Florida. *See* 28 U.S.C. § 1391(b)(1) and (2).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Wilshire is a North Carolina corporation with its principal place of business in North Carolina. Wilshire is a surplus lines insurer that issued an insurance policy to ARL with a Limited Assault And/Or Battery Coverage endorsement.

6. ARL is a limited liability company formed in Florida with its principal place of business in Deland, Florida. The members of ARL are citizens of Florida; more specifically, John DeWitt and Mary Lindner are domiciled in Florida.

7. Marlon Bates was a citizen of Florida. He has a judgment against ARL and is seeking to collect it under the Wilshire policy.

## THE FINAL JUDGMENT

8. ARL is a restaurant and bar located in Deland, Florida 32724.

9. Bates was a patron at ARL on September 30, 2017. He got into a physical altercation with another group of patrons.

10. During the fight, Leigha Younce intentionally struck Bates in the face with a beer glass, injuring his eye.

11. On February 15, 2019, Bates filed suit against ARL for failing to protect him from reasonably foreseeable criminal attacks.

12. Wilshire fully and vigorously defended ARL at significant expense, including hiring two law firms to litigate the matter, one to handle the trial and one to handle the appeal.

13. The case proceeded to trial and a jury returned a verdict against ARL, which resulted in a Final Judgment of $321,162.53. (A copy is attached as Exhibit "A.")

# THE WILSHIRE POLICY

14. Wilshire is a surplus lines insurer.[1]

15. ARL purchased from Wilshire a commercial general liability policy, bearing Policy Number CL00217702, and effective from 03/04/2017 to 03/04/2018. (A copy of the policy is attached as Exhibit "B.")

16. The policy includes an Assault and Battery Exclusion. (*See* Form AL 15 52 11 07.) It excludes coverage for any claim involving an assault or battery.

17. The policy restores coverage for an assault and battery, but only on a sub-limited basis. (*See* Form AL 15 48 02 08.) In pertinent part, the form provides:

## LIMITED ASSAULT AND/OR BATTERY COVERAGE

**This endorsement modifies insurance provided under the following:**
**COMMERCIAL GENERAL LIABILITY COVERAGE**

### SCHEDULE

| | |
|---|---|
| Assault and/or Battery per Incident Limit | $100,000 |
| Assault and/or Battery Aggregate Limit | $100,000 |

**Premium $ Included**

**A. Coverage – Assault And/Or Battery**

In consideration of the premium charged, and subject to all of the other terms and conditions of this policy, we will pay those sums which the insured becomes legally obligated to pay as damages because of "injury", to which this coverage applies arising out of or resulting from an "incident" of "assault and/or battery". We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. But:

**1.** The amount we will pay for damages is limited as described in the SCHEDULE above; and

---

[1] Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from insurers authorized to do business in the state. *See Essex Ins. Co. v. Zota*, 985 So. 2d 1036, 1040 n.2 (Fla. 2008). ARL could not obtain insurance through the admitted market so as a last resort it purchased an insurance policy from Wilshire in the surplus lines market, which generally has more restrictive terms. *See Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1376 (S.D. Fla. 2020) (noting a surplus lines insurer often has "more restrictive terms or exclusions on its policies.").

    **2.** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

**B. Limit of Insurance**

    **1.** The Assault and/or Battery per Incident Limit is the most we will pay for all "injury" arising out of "assault and/or battery" as the result of any one "incident", regardless of the number of:

        **a.** Insureds;

        **b.** Claims made or "suits" brought;

        **c.** Persons or organizations making claims or bringing "suits".

    **2.** The Assault and/or Battery Aggregate Limit is the most we will pay for all "injury" arising out of "assault" and/or battery" as the result of the selling, servicing or furnishing of alcoholic beverages; and/or as the result of an "occurrence", regardless of the number of claimants and/or injuries, during the policy period.

    **3.** The ASSAULT AND/OR BATTERY EXCLUSION **AL 14 52** does not apply to coverage provided in this endorsement. This exception is limited to the Limit of Insurance in the SCHEDULE above.

    **4.** The Limits of Insurance in the SCHEDULE above shall not be in addition to any other Limits in the policy.

**C. Definitions**

    **1.** "Assault and/or Battery" means:

        **a.** Any claims arising out of assault and/or battery;

        **b.** Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons; or

        **c.** Claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing.

        **d.** Assault and/or battery includes sexual assault and/or battery.

    **2.** "Incident" means all assault and/or battery arising from the selling, servicing or furnishing of alcoholic beverages and/or a single occurrence taking place in one twenty-four hour period.

    **3.** "Injury" means all damages, including damages because of "bodily injury" and "property damage", and including damages for care, loss of services or loss of support.

    **4.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

## WILSHIRE'S REPEATED TENDERS OF THE SUBLIMIT

18. On April 22, 2019, Wilshire tendered the policy's full $100,000 Assault and/or Battery sublimit to Bates on behalf of ARL. (A copy of the letter is attached as Exhibit "C.")

19. Bates refused to accept.

20. On May 27, 2020, Wilshire again tendered the policy's $100,000 Assault and/or Battery sublimit to Bates on behalf of ARL.

21. Bates refused to accept.

22. On October 26, 2021, Wilshire tendered the policy's $100,000 Assault and/or Battery sublimit to Bates on behalf of ARL. (A copy of the email memorializing the offer is attached as Exhibit "D.")

23. Bates refused to accept.

24. Three days later on October 29, 2021, Wilshire tendered the policy's $100,000 Assault and/or Battery sublimit to Bates on behalf of ARL. (A copy of the letter is attached as Exhibit "E.")

25. Bates refused to accept.

26. On February 3, 2022, Wilshire tendered the $100,000 Assault and/or Battery sublimit to Bates on behalf of ARL. (A copy of the email is attached as Exhibit "F.")

27. Bates refused to accept.

28. Despite all of Wilshire's attempts to resolve the matter on behalf of ARL, Bates would not accept the Assault and/or Battery sublimit of $100,000 on behalf of ARL.

## THE SUBLIMIT

29. Wilshire incorporates Paragraphs 1 through 28.

30. The policy's Assault and/or Battery Endorsement applies to the Final Judgment.

31. Wilshire accordingly has no responsibility for the Final Judgment beyond the policy's Assault and/or Battery sublimit of $100,000.

## REQUESTED RELIEF

Wilshire requests that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy;

b. Declare that Wilshire has no responsibility for the Final Judgment beyond the policy's Assault and/or Battery Endorsement, which Wilshire has tendered and continues to tender on behalf of ARL;

c. Award Wilshire all costs incurred to prosecute this action; and

d. Award any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**MATTHEW WATSON**
Florida Bar No. 1031851
Matthew.Watson@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646